

FILED
JUN 2 2 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 05-40044 |
| Plaintiff, | \* | |
| vs. | \* | ORDER ALLOWING DEFENDANT TO WEAR CIVILIAN CLOTHING AT TRIAL |
| JUAN MOJICA-ALMAGUER, a/k/a Andres Perez-Perez, a/k/a Jose DeJesus Hurtado, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is defendant's motion to require "the U.S. Marshall (sic) to provide suitable clothing for the Defendant to wear at trial." (Doc. 28). Defendant cites 18 U.S.C. § 4013 as authority for the U.S. Marshal to provide necessary clothing for prisoners in non-Federal institutions.

An accused person cannot be compelled "to stand trial before a jury while dressed in identifiable prison clothes." U.S. v. Smith, 182 F.3d 1023, 1025 (8th Cir. 1999), citing Estelle v. Williams, 425 U.S. 501, 512, 96 S.Ct. 1691 (1976). Defendant will not, therefore, be compelled to wear clothing at trial which identifies him as an inmate.

The next question is "who is going to provide the civilian clothing?" Defendant says in his motion he does not have "suitable clothing" to wear at trial, and that he has no money to buy the necessary clothing. In certain unique circumstances Judge Piersol has in the past ordered the U.S. Marshal to buy civilian clothing for the inmate. U.S. v. Humphreys, CR. 01-40016. (The court is aware the defendant there gained a substantial amount of weight during the several months when he

was being evaluated at a federal medical center so the clothing he was wearing when arrested no longer fit him, that he had no family or friends in South Dakota, and that his shoes were size 15. The court is also aware that Judge Piersol arranged for shoes from a local shoe store at no cost— the shoes had been destined for donation to the Salvation Army. The U.S. Marshal purchased a pair of slacks and a sport shirt from the Salvation Army at minimal cost. In another case it is known that Judge Piersol has provided an inmate a shirt and tie from his personal wardrobe to wear during a trial.) Obviously, defendant here was not dressed in prison clothing when he was arrested. The state of those clothes is not in the record. One does not need to be dressed in a suit and tie at trial. It is desirable, if not necessary, that one's clothing be neat and clean, but that is about the only requirement. And that requirement is a social requirement, as distinguished from a statutory or common law requirement. Perhaps the clothing he was wearing when arrested is suitable. There is nothing in the record to show that it is not.

Assuming defendant does not have even one set of appropriate clothing for trial, there has been no showing that appropriate clothing cannot be provided to him by family or friends, or by the public defender. No case or statutory law has been provided, and none has been found, which imposes upon the court the obligation to provide, arrange for, or pay for an inmate's appropriate trial clothing. While he will not be compelled to stand trial in clothing which identifies him as an inmate, he will have to make his own arrangements for the civilian clothing to wear at trial. All else failing, defense counsel is invited to contact the court shortly before trial and the court itself will provide civilian clothing for defendant to wear at trial. It is, therefore,

ORDERED that defendant is allowed to wear civilian clothing at trial; it is

FURTHER ORDERED that defendant's motion to require the U.S. Marshal to provide civilian clothing for him to wear at the trial (Doc. 28) is DENIED.

Dated this 22nd day of June, 2005.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____, Deputy

3